UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUIS BUSTELO FERNANDEZ,

       Plaintiff,
v.

GREAT HAVANA INC.,
GRAND HAVANA MASTER LLC,
TANYA BREDEMEIER,
ROBERT RICO,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, LUIS BUSTELO FERNANDEZ ("Bustelo"), brings this action against Defendants, GREAT HAVANA INC. ("GH"), GRAND HAVANA MASTER LLC ("GHM"), TANYA BREDEMEIER ("Bredemeier"), and Robert Rico ("Rico"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Bustelo was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, GH was a corporation that regularly transacted business in Miami-Dade, Florida.

4. At all times material hereto, GHM was a Florida corporation that regularly transacted business in Miami-Dade, Florida.

5. Bredemeier is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of GH and GHM, ran the day-to-day operations and had operational control over GH and

GHM, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Bustelo.

6. Rico is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of GH and GHM, ran the day-to-day operations and had operational control over GH and GHM, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Bustelo.

7. GH's and GHM's business involves coffee sales.

8. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

9. Upon information and belief, GH's gross sales or business done was in excess of $500,000 per year at all times material hereto.

10. GH was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11. Upon information and belief, GHM's gross sales or business done was in excess of $500,000 per year at all times material hereto.

12. GHM was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

13. At all times material hereto, Bustelo engaged in interstate communication on a regular and recurrent basis including but not limited to interestate communication.

14. Bustelo engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

15. GH and GHM are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

16. GH and GHM were joint employers of Bustelo under the FLSA, shared Bustelo's services, had Bustelo acting in the interest of each business, and shared common control of Bustelo.

17. Bustelo worked for Defendants as a Chief Operating Officer.

18. Defendants failed to pay Bustelo's full and proper minimum wages.

19. Defendants failed to pay Bustelo's full and proper promised wages.

20. Defendants knowingly and willfully refused to pay Bustelo's legally-entitled wages.

21. Attached as **Exhibit A** is a preliminary calculation of Bustelo's claims. These amounts may change as Bustelo engages in the discovery process.

22. Bustelo retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

23. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

25. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## AGAINST GHM AND GM
## ON BEHALF OF PLAINTIFF BUSTELO

26. Bustelo realleges and incorporates the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

27. Bustelo entered into a written contract for wages wherein GHM and GM would pay Bustelo a $60,000 salary. *See* **Exhibit B**, Employment Agreement.

28. Bustelo was jointly employed by GHM and GM and did not receive the compensation promised. GHM and GM, therefore, wrongfully deprived Bustelo of wages that were due and owing and to which Bustelo was lawfully entitled under a written contract for wages with Defendant.

29. Bustelo has been damaged because of GHM's and GM's failure to pay the agreed upon wages.

30. Pursuant to Section 448.08, Florida Statutes, Bustelo is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Bustelo demands judgment against Defendants GHM and GM for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791