UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22814-CIV-WILLIAMS/REID

LUIS BUSTELO FERNANDEZ,

    Plaintiff,

v.

GREAT HAVANA INC., *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on (1) Defendant Grand Havana Master LLC's (GHM") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 13]; (2) Defendant Grand Havana Inc.'s ("GHI") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 23]; and (3) Defendants Tanya Bredemeier and Robert Rico's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 25] (collectively the "Motions to Dismiss"). These Motions were referred to me by the Honorable Kathleen M. Williams for a Report and Recommendation. [ECF Nos. 16; 27]. For the reasons discussed below it is **RECOMMENDED** that the Motions to Dismiss be **DENIED**.

**BACKGROUND**

This is a Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA") case. Defendant GHM, GHI, Tanya Bredemeir ("Bredemeir"), and Robert Rico ("Rico") (collectively "Defendants"), are in the business of selling coffee. [ECF No. 10 at ¶ 5–7]. In the Amended Complaint, and the Statement of Claim attached thereto, Plaintiff Luis Bustelo Fernandez ("Plaintiff"), explains that he worked for Defendants from September 6, 2019, through March 19,

1

2020, as a Chief Operating Officer and his "duties included but w[ere] not limited to communicating with vendors." [*Id.* ¶¶ 2, 17–18]; *see also* [ECF No. 10-1]. Prior to the beginning of his employment, Plaintiff signed an Employment Agreement contract with GHI which set out the terms of his employment. [ECF No. 10-2]. Plaintiff avers that Bredemeir and Rico are "FLSA employer[s] as defined in 29 U.S.C. § 203(d) … [and are] owner[s] and/or manager[s] of GH[I] and GHM, ran the day-to-day operations and had operational control over GH[I] and GHM, and w[ere] directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as [Plaintiff]." [ECF No. 10. at ¶¶ 5–6]. Plaintiff also alleges that GHI and GHM engage in commerce for the production of goods, and that their gross combined sales exceed $500,000 per year. [*Id.* at ¶¶ 9–12, 15]. Additionally, GHI and GHM "are a single enterprise under the FLSA," because during the relevant period they "performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce." [*Id.* at ¶ 15]. Further, Plaintiff contends that GHI and GHM were his joint employers because they shared his services, had him act in each business's interest, and shared common control over him. [*Id.* at ¶ 16].

As part of his duties, Plaintiff engaged in interstate communication and commerce on a regular basis, such as dealing with "people located outside Florida; e.g. vendors such as a coffee producer in Georga [sic] and a cardboard display vendor in Uruguay." [*Id.* at ¶ 13]. Despite this work, Plaintiff asserts that Defendants "knowingly and willfully" failed to pay him his full and proper minimum wages, promised wages. [*Id.* at ¶¶ 19–21].

Consequently, Plaintiff initiated this lawsuit on September 5, 2022. *See* [ECF No. 1]. Plaintiff filed the operative Amended Complaint on October 24, 2022, [ECF No. 10] to which he attached his Statement of Claim [ECF No. 10-1], and contract with GHI [ECF No. 10-2]. In the

Amended Complaint, Plaintiff asserts two claims: (1) violation of the FLSA against all Defendants; and (2) breach of contract and failure to pay wages against GHM and GHI. *See generally* [ECF No. 10]. Subsequently, GHM filed its Motion to Dismiss on November 4, 2022 [ECF No. 13], GHI filed its Motion to Dismiss on November 21, 2022 [ECF No. 23], which is nearly identical to GHM's, and Bredemeir and Rico filed their Motion to Dismiss on November 23, 2022 [ECF No. 25].

## **LEGAL STANDARD**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To achieve this end, pleadings must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamed v. Palestinian Autho.*, 566 U.S. 449 (2012). Rather, the plausibility "standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). In reviewing a

motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

In considering a Motion to Dismiss, courts are limited to considering the complaint and attachments thereto, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.". *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007). Further, although "[i]n the rule 12(b) motion-to-dismiss context, a judge generally may not consider materials outside of the four corners of a complaint … [a] court may consider a document that has been attached to a motion to dismiss, however, if it is central to the plaintiff's claims and its authenticity is not challenged." *Pouyeh v. Bascom Plamer Eye Inst.*, 613 F. App'x 802, 808 (11th Cir. 2015) (citing *Day v. Taylore*, 400 F.3d 1272, 1275–76 (11th Cir. 2005)).

## **DISCUSSION**

GHM and GHI raise three arguments in their Motions to Dismiss: (1) the Amended Complaint fails to establish GHM's and GHI's status as a joint employer under the FLSA; (2) because Count I fails, Count II necessarily fails for lack of jurisdiction; and (3) Count II must be dismissed because it is preempted by Count I. *See generally* [ECF Nos. 13; 23]. In their Motion to Dismiss, Bredemeir and Rico raise two related arguments: (1) Plaintiff's claims must be dismissed because they were brought after the FLSA's two-year statute of limitations had expired; and (2) the Amended Complaint inadequately alleges Defendants' violations of the FLSA were knowing and willful such that Plaintiff can obtain the benefit of the FLSA's three-year statute of limitations for willful violations. *See generally* [ECF No. 25]. Each argument will be addressed in turn.

I.     **The Amended Complaint Sufficiently Alleges that GHM and GHI are Joint Employers**

In determining the existence of joint employment under the FLSA, the Eleventh Circuit has set forth an eight factor inquiry: (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payments of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of the facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities. *Downie v. BF Weston, LLC*, No. 16-cv-60348, 2016 WL 6876493, at *2 (S.D. Fla. Nov. 17, 2016) (quoting *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1177–78 (11th Cir. 2012)).

Here, GHI and GHM argue that the Amended Complaint "fails to factually articulate the factors in the Eleventh Circuit test … [and Plaintiff] does not provide any specific factual support to establish GHM [or GHI] as a joint employer[.]" [ECF No. 13 at 3]; *see also* [ECF No. 23 at 3]. In response, Plaintiff asserts that the Amended Complaint contains sufficient facts to draw the reasonable inference that GHI and GHM were his joint employers. [ECF No. 22 at 5–6]. In support of this contention, Plaintiff argues that read as a whole, the Amended Complaint adequately alleges GHI and GHM had (1) common management and ownership who had operational control of decisions such as employee compensation and hours worked; (2) the same business (coffee sales); (3) a unified operation, common control, and a common business purpose; (4) Plaintiff working in a single capacity of Chief Operating Officer for both companies; (5) joint responsibility to pay Plaintiff's wages; and (6) Plaintiff acting in the interest of both companies and shared Plaintiff's services. *See* [*Id.* at 4–6].

While the factual allegations in the Amended Complaint are scant, Plaintiff has included sufficient detail, at this stage, to support the contention that GHI and GHM jointly employed him. Taking all of Plaintiff's allegations as true at this juncture, which the Court must, the Amended Complaint alleges enough facts relevant to this issue to survive GHM's and GHI's Motions to Dismiss. Plaintiff asserts both companies have common ownership, control over decisions such as compensation and employees' work schedule, supervision over Plaintiff's work in his capacity as a Chief Operating Officer for both businesses, among other allegations. These allegations are enough for this Court to believe discovery will lead to further information regarding whether GHI and GHM were in fact Plaintiff's joint employer. In deciding this issue, the Court has also decided GHI's and GHM's second argument that "[b]ecause Count I fails so too does Count II for lack of jurisdiction." [ECF No. 13]. Having determined Count I should proceed, this argument falls as a matter of course.

## II.   Plaintiff's Contracts Claims are not Preempted by the FLSA

Defendants argue that Count II of the Amended Complaint is "essentially the same [as Count I] except Count I is based on the FLSA and Count II is based on a contract." [ECF No. 13 at 4]. Defendants aver "that Plaintiff is seeking to recover unpaid wages in each count, under different theories, arising from the same set of facts: Defendant[s'] failure to pay Plaintiff for the work he performed." [*Id.*]. Thus, Defendants contend that since the FLSA is the exclusive remedy for rights created under the Act, and "Plaintiff fails to point to any conduct that violated the alleged contract that would not also be a violation of the FLSA," Count II must be dismissed. [*Id.* at 4–5].

"[A] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA." *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016). "Where a plaintiff's state law claims are merely the FLSA claims

recast in state law terms, those state law claims are preempted by the FLSA." *Id.* However, the "FLSA does not necessarily preempt common law claims for compensation based on contract and related equitable legal theories provide the claims do not duplicate the statutory claims. *Garcia v. Four BLF Doors, Corp.*, No. 20-CV-20024-UU, 2020 WL 12933754, at *3 (S.D. Fla. Mar. 26, 2020) (citing *Avery v. City of Talladega, Ala.*, 24 F.3d 1337 (11th Cir. 1994)).

Here, a careful review of Count II contradicts Defendants' contention. Count II of the Amended Complaint seeks to recover wages independent of the FLSA claim. [ECF No. 22 at 7–8]. As such, Plaintiff reasons Count II seeks to recover "Plaintiff's full and proper promised pay equivalent to $1,153.85 per week and totaling $12,307.40" pursuant to its contract with GHM, separate and apart from what he may recover under his FLSA claims. [*Id.*].

To the extent the Amended Complaint, and the attachments thereto, seek to recover under a breach of contract theory for unpaid wages that are compensable under Plaintiff's contract with GHI, and aside from those sought in Count I under the FLSA, there is no preemption issue. *See Avery*, 24 F.3d at 1348 (concluding that the FLSA did not preempt the plaintiff's state law breach of contract claim because it sought wage for time that that was compensable under the contract but not the FLSA). Therefore, whether the wages Plaintiff seeks in Count II are compensable under the FLSA or are those outside of the Act's ambit and covered by the contract, is an issue to be determined at a later juncture.

  **III.**  **The Amended Complaint Contains Sufficient Factual Allegations to Survive Being Dismissed Under the FLSA's Statue of Limitations**

Defendants Bredemeir and Rico raise two related arguments in their Motion to Dismiss. The first is that the Amended Complaint must be dismissed because Plaintiff brought his claims after the FLSA's two-year statute of limitations had passed. [ECF No. 25 at 3]. The second is that "[t]o the extent that Plaintiff relies on the FLSA's three-year statute of limitations to assert a claim

for a willful violation, the Amended Complaint provides no factual allegations from which this Court could infer the Defendants' alleged failure to pay minimum wages was 'willful.'" [*Id.*].

Defendants' first argument can be addressed quickly. Undoubtedly, Plaintiff's statement of claim, which is attached to the Amended Complaint, sets forth that the alleged FLSA violations took place between September 6, 2019, through December 31, 2019, and January 1, 2020, through March 19, 2020. *See* [ECF No. 10-1]. Consequently, to fall within the ambit of the FLSA's two-year statute of limitations, Plaintiff was required to file his Complaint by March 19, 2022. He did not do so until September 6, 2022. *See* [ECF No. 1]. Plaintiff does not appear to dispute this. Rather, he relies on the FLSA's three-year extended statute of limitations for willful violations of the Act.

The crux of Defendants' arguments concerning Plaintiff's reliance on the FLSA's three-year statute of limitations for willful violations is that the Amended Complaint contains nothing more than "conclusory averment[s] of 'willfulness'" which are unsupported by factual allegations sufficient to satisfy the minimal requirements at the pleadings stage. [ECF No. 25 at 4–5]. Plaintiff, however, correctly notes that in evaluating a Rule 12(b)(6) motion to dismiss this Court should only grant Defendants' Motion if it is clear from the pleadings that Plaintiff can prove no set of facts that would place his claims within the statute of limitations. *See Sanchez v. Chayele*, No. 1:16-CV-21975-UU, 2016 WL 8787065, at *3 (S.D. Fla. Aug. 17, 2016) (concluding that "[w]hile the relevant statue of limitations under the FLSA is, without question, either two or three years, a Rule 12(b)(6) dismissal on statute of limitations grounds should only granted 'if it appears beyond a doubt that Plaintiff[] can prove no set of facts' that her claim falls within the statute of limitations") (quoting *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013)).

Here, the existence of willfulness, and the concomitant issue of whether Plaintiff's claims were timely brought, are ones that can be established through discovery and dealt with later in this case. Although factually sparse, Plaintiff has sufficiently alleged willfulness and therefore it is not apparent from the face of the Amended Complaint that Plaintiff's claims are clearly time-barred, nor was Plaintiff required to negate the statute of limitation affirmative defense in the Amended Complaint. *Id.* (noting that the dismissal of statute of limitations grounds is an affirmative defense and that "plaintiff[s] are not required to negate an affirmative defense in [their] complaint") (quoting *Lindley*, 515 F. App'x at 815). As such, the Amended Complaint should not be dismissed, and Defendants' Motions to Dismiss should be denied.

## CONCLUSION

For the foregoing reasons it is recommended that Defendant Grand Havana Master LLC's (GHM") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 13], Defendant Grand Havana Inc.'s ("GHI") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 23], and Defendants Tanya Bredemeier and Robert Rico's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 25] all be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 3rd day of April, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**